## Case No. 1,981.

### In re BROWN.

[15 N. B. R. (1877) 416;[1] 9 Chi. Leg. News, 191.]

#### District Court, D. Colorado.

BANKRUPTCY—COMMENCEMENT OF PROCEEDINGS—FILING PROOF OF ACT OF BANKRUPTCY.

An omission to file proof of an act of bankruptcy is substantial and cannot be remedied.

[In bankruptcy. Petition to have John Brown declared an involuntary bankrupt. Dismissed.]

HALLETT, District Judge. The usual averment that petitioners constitute one-fourth in number of all the creditors of the debtor, and that their claims amount to one-third of the debts provable against his estate, is omitted from this petition, and the affidavit of the matters alleged is also defective, in that deponent being an agent of petitioners refers to the petition as stating the facts of his own knowledge and belief. Probably these defects might be cured by amendment, but there is no deposition whatever filed with the petition to prove the acts of bankruptcy charged. In Re Hanibel [Case No. 6,023] I decided that defects in the depositions filed with a petition occurring through mistake or inadvertence, could be remedied by supplemental proofs, which is certainly a very liberal rule. If now we go further and say that proofs wholly omitted may be supplied, we shall soon be able to proceed without a petition or other paper on file. In respect to the acts of bankruptcy charged in this petition, there is really no proof of record which can be supplemented, an omission which must be fatal to the whole proceeding. It may also be mentioned that in proof of their debts the petitioners have used the form No. 22, which is incorrect in several particulars. The title shows an adjudication, and in the body of the deposition it is stated that a petition has been filed, and the date of filing is referred to as the time when the indebtedness existed, all of which is erroneous in a case where the petition has not been filed. Form 55 is designed for this use, although the title to that also appears to be wrong, in stating that the petition was filed at a specified time; unless, indeed, it was intended that the petition should be filed before the taking of the deposition. All of the papers appear to be defective, and the omission to file proof of an act of bank-

ruptcy is substantial. On that account principally the petition will be dismissed, and all orders made in the cause will be vacated.